**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **JENNIFER DUPRE and MELINDA WILSON, on Behalf of themselves and on Behalf of All Others Similarly Situated,** | **CIVIL ACTION NO. _____** |
| **Plaintiffs,** | |
| **V.** | |
| **SLATE HEALTHCARE LLC** | **JURY DEMANDED** |
| **Defendant** | |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Plaintiffs, Jennifer Dupre and Melinda Wilson, by and through undersigned counsel, on behalf of themselves and on behalf of all others similarly situated, brings this Collective Action Complaint against Defendant, Slate Healthcare LLC (hereinafter "Slate"), and in support of their claim, state as follows:

## 1.    PRELMINARY STATEMENT

1.1    This Complaint is filed as a collective action under 29 U.S.C. § 216(b) and is brought by and on behalf of persons who are or have been at some time employed during the applicable limitations period as a traveling nurse for Slate, which is in the business of providing nursing services throughout the United States.

1.2    Slate employs traveling nurses, paying them on an hourly basis for all hours worked. However, Slate fails to pay the rate of one and one-half (1.5) times the regular rate for hours worked in excess of forty (40) in a given work week.

1.3    Ms. Dupre, Ms. Wilson, and similarly situated employees routinely work more than forty (40) hours in a work week but are not paid the federally required amount of overtime premium for any of their overtime hours.

1.4     As a result of Slate's failure to compensate Ms. Dupre, Ms. Wilson, and similarly situated employees for all hours worked, Slate has violated the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* by failing to pay Ms. Dupre, Ms. Wilson, and similarly situated employees, the accurate amount of overtime compensation for hours worked in excess of 40 hours in one week as required under the FLSA.

1.5     Plaintiffs brings this action on behalf of themselves and all other similarly situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b).

## 2.     <u>JURISDICTION AND VENUE</u>

2.1     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action involves a federal question under the FLSA.

2.2     Venue is proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1391 because Slate operates business in this district and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## 3.     <u>PARTIES</u>

3.1     Plaintiff, Jennifer Dupre, is a resident of the city of Eunice, Louisiana.  Throughout the year of 2021, Ms. Dupre worked for Slate as a traveling nurse.

3.2     Plaintiff, Melinda Wilson, is a resident of Danville, Alabama.  Throughout approximately the past three years, Ms. Wilson worked for Slate as a traveling nurse.

3.3     Defendant, Slate Healthcare LLC, is a Texas limited liability company with its principal place of business located at 2100 West Loop South, Suite 900, Houston, TX 77027. Defendant can be served through its registered agent for service of process, Registered Agents, Inc., 5900 Balcones Drive, Suite 100, Austin, Texas 78731, or wherever it may be found.

3.4     Slate provides nursing services to its healthcare clients throughout the United States.

3.5     Slate directly employs nurses to provide healthcare services to its clients.

3.6     Slate is an "employer" of Ms. Dupre, Ms. Wilson, and similarly situated employees as that term is defined by the FLSA.

3.7     At all relevant times, Slate maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

3.8     At all relevant times, Slate has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

3.9     Slate's gross annual sales made, or business done has been $500,000 or greater per year at all relevant times.

## 4.     FACTUAL ALLEGATIONS

4.1     Ms. Dupre, Ms. Wilson, and similarly situated employees work or worked for Slate as traveling nurses during the applicable statutory period.

4.2     Ms. Dupre, Ms. Wilson, and similarly situated employees perform nursing services for Slate's healthcare clients throughout the United States.

4.3     By way of example, Slate would provide a nursing assignment to Ms. Dupre, in which an hourly rate and overtime rate was stated.  For instance, in October 22, 2021, Slate stated the following payment would be provided to Ms. Dupre for her travel assignment from November 1, 2021 – January 29, 2022 at Wibaux County Nursing Home:

---

**Payments and Shifts**
Your rate of pay will average out to $40.50 per hour over a twelve (12) hour shift.  You will receive $26.00 non-taxed and $14.50 will be taxed.  Your rate for all hours in excess of 40 hours in one week will be at a rate of $45.50 per hour of which $26.00 will remain tax-free.

---

4.4     However, when Ms. Dupre received her paystub from Slate for the pay period of December

5, 2021 – December 11, 2021, her earnings and hours were stated as follows:

| Earnings and Hours | Qty | Rate | Current |
|---|---|---|---|
| Hourly | 40.00 | 14.50 | 580.00 |
| OT/Premium | 34.00 | 22.00 | 748.00 |
| Holiday Hrs | | | |
| | 74.00 | | 1,328.00 |

| Taxes | Current |
|---|---|
| Medicare Employee Addl Tax | 0.00 |
| Federal Withholding | -157.00 |
| Social Security Employee | -82.33 |
| Medicare Employee | -19.25 |
| MT - Withholding | -72.00 |
| | -330.58 |

| Adjustments to Net Pay | Current |
|---|---|
| Per Diem | 1,839.00 |
| End Travel | |
| Beg. Travel | |
| Rental Deduction | |
| Outbreak Pay | |
| Return Beginning Travel | |
| Adj Rental Deduction | |
| | 1,839.00 |

| Net Pay | 2,836.42 |
|---|---|

4.5     Slate's payments to Ms. Dupre, as indicated above, fail to provide her with her entitled

overtime compensation rate of one and one-half (1.5) times her regular hourly rate for hours

worked in excess of forty (40) per workweek.

4.6     Instead, Slate lowered her contractual hourly rate, paid her overtime based upon this lower

rate, and then attempted to make up part of the difference as "per diem".

4.7     This unlawful payment method can again be seen done for the pay period of October 31,

2021 – November 6, 2021.  Ms. Dupre's earnings and hours were stated as follows:

| Earnings and Hours | Qty | Rate | Current |
|---|---|---|---|
| Hourly | 40.00 | 14.50 | 580.00 |
| OT/Premium | 22.06 | 22.00 | 485.32 |
| Holiday Hrs | | | |
| | 62.06 | | 1,065.32 |
| **Taxes** | | | **Current** |
| Medicare Employee Addl Tax | | | 0.00 |
| Federal Withholding | | | -100.00 |
| Social Security Employee | | | -66.05 |
| Medicare Employee | | | -15.44 |
| MT - Withholding | | | -56.00 |
| | | | -237.49 |
| **Adjustments to Net Pay** | | | **Current** |
| Per Diem | | | 1,558.41 |
| End Travel | | | |
| Beg. Travel | | | |
| Rental Deduction | | | |
| Outbreak Pay | | | |
| Return Beginning Travel | | | |
| Adj Rental Deduction | | | |
| | | | 1,558.41 |
| **Net Pay** | | | **2,386.24** |

4.8     By way of example, Slate would provide a nursing assignment to Ms. Wilson, in which an

hourly rate and overtime rate was stated.  For instance, on September 20, 2021, Slate stated

the following payment would be provided to Ms. Wilson for her travel assignment from

October 9, 2021 – February 27, 2022 at Northern Montana Healthcare Center:

---

**Payments and Shifts**
Your rate of pay will average out to $45.00 per hour over a twelve (12) hour shift.  You will receive $25.00 non-taxed and $20.00 will be taxed.  Your rate for all hours in excess of 40 hours in one week will be at a rate of $52.50 per hour of which $25.00 will remain tax-free.

---

4.9     However, when Ms. Wilson received her paystub from Slate for the pay period of October

24, 2021 – October 30, 2021, her earnings and hours were stated as follows:

| Earnings and Hours | Qty | Rate | Current |
|---|---|---|---|
| Hourly | 40.00 | 20.00 | 800.00 |
| OT/Premium | 37.60 | 30.00 | 1,128.00 |
| Bonus - Sign On | | | |
| Holiday Hrs | | | |
| | 77.60 | | 1,928.00 |

| Taxes | | | Current |
|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 |
| Federal Withholding | | | -209.00 |
| Social Security Employee | | | -119.54 |
| Medicare Employee | | | -27.96 |
| MT - Withholding | | | -108.00 |
| | | | -464.50 |

| Adjustments to Net Pay | | | Current |
|---|---|---|---|
| Per Diem | | | 1,846.00 |
| End Travel | | | |
| Beg. Travel | | | |
| | | | 1,846.00 |
| Net Pay | | | 3,309.50 |

4.10   Slate's payments to Ms. Wilson, as indicated above, fail to provide her with her entitled overtime compensation rate of one and one-half (1.5) times her regular hourly rate for hours worked in excess of forty (40) per workweek.

4.11   Instead, Slate lowered her contractual hourly rate, paid her overtime based upon this lower rate, and then attempted to make up part of the difference as "per diem".

4.12   Slate compensated Ms. Dupre, Ms. Wilson, and similarly situated employees for their work in a similar manner as detailed above.

4.13   Slate suffered and permitted Ms. Dupre, Ms. Wilson, and similarly situated employees to work more than forty (40) hours per workweek.

4.14   Slate has a common policy of not paying Ms. Dupre, Ms. Wilson, and similarly situated employees at a rate of one and one-half (1.5) times their regular pay for the overtime hours they worked as required by the FLSA.

4.15   In calculating wages owed to Ms. Dupre, Ms. Wilson, and similarly situated employees, Slate manipulated their hourly rate and overtime wages owed through the use of a per diem, rather than paying the legally required one and one-half (1.5) times their regular rate of pay.

4.16    Slate willfully operated under a common scheme to deprive Ms. Dupre, Ms. Wilson, and similarly situated employees of overtime compensation by paying them less than what is required under federal law.

4.17    As a nursing staffing company that operates all over the United States, Slate was or should have been aware that Ms. Dupre, Ms. Wilson, and similarly situated employees performed work that required proper payment of overtime compensation.

4.18    Slate knew that Ms. Dupre, Ms. Wilson, and similarly situated employees worked overtime hours without receiving proper overtime pay because Slate required Ms. Dupre, Ms. Wilson, and similarly situated employees to record and submit records of their work hours.

4.19    Slate was aware, or should have been aware, of its unlawful payment practices and recklessly chose to disregard the consequences of its actions.

## 5.    FLSA COLLECTIVE ACTION ALLEGATIONS

5.1    Ms. Dupre and Ms. Wilson bring this suit as a collective action pursuant to 29 U.S.C. §216(b) on behalf of themselves and all other persons employed by Defendant as traveling nurses who worked for Slate Healthcare, LLC within the last three years.

5.2    As the case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

5.3    Members of the proposed FLSA Collective are known to Slate and are readily identifiable through Slate's records.

5.4    Plaintiffs and the FLSA Collective are all victims of Slate's widespread, repeated, systematic, and consistent illegal policies that have resulted in willful violations of their rights under the FLSA, 29 U.S.C. § 201, *et seq.*, and that have caused significant damage to Ms. Dupre, Ms. Wilson, and the FLSA Collective.

5.5     The FLSA Collective would benefit from the issuance of court-supervised notice of this lawsuit and an opportunity to join by filing their written consent.

## 6.     CAUSE OF ACTION

6.1     Ms. Dupre and Ms. Wilson reallege and incorporate by reference the above paragraphs as if fully set forth herein.

6.2     Slate is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and are engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(b), (s)(1).

6.3     The FLSA, 29 U.S.C. § 207, requires covered employers like Slate to pay non-exempt employees like Ms. Dupre, Ms. Wilson, and the FLSA Collective no less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

6.4     Ms. Dupre, Ms. Wilson, and the FLSA Collective regularly worked more than forty (40) hours per week for Slate, but Slate did not properly compensate them for all of their overtime hours as required by the FLSA.

6.5     Slate has not made a good-faith effort to comply with the FLSA as it relates to the compensation of Ms. Dupre, Ms. Wilson, and the FLSA Collective.

6.6     Slate knew Ms. Dupre, Ms. Wilson, and the FLSA Collective worked overtime without proper compensation, and it willfully failed and refused to pay Ms. Dupre, Ms. Wilson, and the FLSA Collective wages at the required overtime rate pursuant to 29 U.S.C. § 225.

6.7     Slate's willful failure and refusal to pay Ms. Dupre, Ms. Wilson, and the FLSA Collective overtime wages for time worked violates the FLSA, 29 U.S.C. § 207.

6.8     As a direct and proximate result of Slate's unlawful conduct, Ms. Dupre, Ms. Wilson, and the FLSA Collective have suffered and will continue to suffer a loss of income and other

damages.  Ms. Dupre, Ms. Wilson, and the FLSA Collective are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

## 7.   JURY DEMAND

7.1    Plaintiffs' hereby demand a trial by jury.

## 8.   PRAYER

8.1    Plaintiffs, Jennifer Dupre and Melinda Wilson, pray for all the following relief:

8.1.1  Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Ms. Dupre and Ms. Wilson and their counsel to represent the collective action members.

8.1.2  Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

8.1.3  An award of any pre-judgment and post-judgment interest;

8.1.4  An award of costs and expenses of this action, together with reasonable attorney's fees and expert fees; and

8.1.5  Such other legal and equitable relief as the Court deems appropriate.

Respectfully Submitted,

*/s/ Gregg M. Rosenberg*
Gregg M. Rosenberg
USDC SD/TX No. 7325
Texas State Bar ID 17268750
ROSENBERG & ASSOCIATES
3518 Travis, Suite 200
Houston, Texas 77002
(713) 960-8300
(713) 621-6670 (Facsimile)
gregg@rosenberglaw.com
**ATTORNEY FOR PLAINTIFFS**