UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **JENNIFER DUPRE and MELINDA WILSON, on Behalf of themselves and on Behalf of All Others Similarly Situated,**<br><br>     Plaintiffs,<br><br>V.<br><br>**SLATE HEALTHCARE LLC**<br><br>     Defendant | **CIVIL ACTION NO. 4:22-cv-00264** |

**PLAINTIFFS' MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS PURSUANT TO THE FAIR LABOR STANDARDS ACT**

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, Jennifer Dupre and Melinda Wilson, as well as those individuals who have opted into this litigation, who move this Honorable Court for an order awarding Attorney's fees and costs of litigation pursuant to 29 U.S.C. § 216(b), showing the Court as follows:

**I.     Introduction**

On December 2, 2024, this Court adopted the Memorandum and Recommendations of the Magistrate Judge, in which the Court determined that by Slate Healthcare, LLC tendering $150,000.00 to Plaintiffs for violations of the FLSA, along with its pledge to allow the Court to determine reasonable costs and attorneys' fees incurred, this matter should then be formally dismissed. Thus, pursuant to this Order, Plaintiffs now submit their attorneys' billing records and records of the taxable costs to be entered in this case. Plaintiffs seek that the Judgment entered in this case include their costs of litigation, including their reasonable attorney's fees, in the amount of $30,141.67 in costs and $125,460.00 in attorney's fees.

**II.    Argument**

**A. Plaintiffs' Attorney's Fees Incurred are Reasonable**

Prevailing FLSA plaintiffs are entitled to recover their costs of litigation, including reasonable attorney's fees. *Steele v. Leasing Enters, Ltd.*, 826 F.3d 237, 249 (5th Cir. 2016). In this case, the Parties agree that Plaintiffs are entitled to recover their costs and fees, and this Court has provided Plaintiffs the opportunity to seek a judicial determination as to the reasonable attorney's fees and expenses incurred in connection with this litigation.

Plaintiffs seeking to recover costs and fees must demonstrate that the amounts sought are reasonable. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). Courts in the Fifth Circuit use the "lodestar" method to calculate attorney's fees (*i.e.*, "multiplying the hours an attorney reasonably spent on the case by an appropriate hourly rate"). *Id.* (quoting *Heidtman v. City of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). Thus, plaintiffs must demonstrate that (1) the billing rate sought by their attorneys is in line with the market rate in the community for such work; and (2) that their attorneys exercised billing judgment. *Id.* (citing *Saizan v. Detla Concrete Prod. Co.*, 448 F.3d 795, 799 (5th Cir. 2006).

To determine the hours reasonably expended, "[t]he relevant issue … is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990). Similarly, the Eight Circuit explained in *Jenkins v. Missouri* that, when calculating a fee award, the focus is on whether the time expenditures were reasonable, not whether the attorney won each and every disputed issue:

> A Court's focus should not be limited to the success/failure of each of the attorney's actions. Rather, it should be upon whether those actions were reasonable … Lawsuits usually involve many reasonably disputed issues and a lawyer who takes

> on only those battles he is certain of winning is probably not serving his client vigorously enough; losing is part of winning.

*Jenkins, v. Missouri*, 127 F.3d 709, 718 (8th Cir. 1997) (internal citations omitted). The key issue is whether a reasonable attorney would have engaged in similar time expenditures at the time the work was performed.

A court should give deference to a lawyer's professional judgment as to how much time was necessary to spend on this case. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). This principle flows from the fact that an attorney is naturally incentivized to work efficiently and reasonably in cases where the attorney remains uncompensated for his or her time until the end of the case. *See Id.* ("[L]awyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees. The payoff is too uncertain, as to both the result and the amount of the fee"). Plaintiff's attorneys working under these circumstances expend their time and effort without knowing whether they will be paid for it; thus, they have an incentive to spend as little time on each particular task as is reasonably necessary to competently and diligently carry out the representation. *See Id.* In awarding fees, a district court must "provide a concise but clear explanation of its reasons for the fee award." *See Hensley*, 461 U.S. at 437; *see also Gurule v. Land Guardian, Inc.*, 913 F.3d 252, 258 (5th Cir. 2018) (same).

Thereafter, courts apply the "*Johnson* factors" to determine whether counsel's performance requires an upward or downward adjustment. *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974) *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). However, "[t]here is a strong presumption of the reasonableness of the lodestar amount." *Id.* (citing *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010).

In this case, Plaintiffs' counsel have provided billing records containing the time each spent on various tasks in this case, and detailed descriptions of those tasks. See Exhibit 1. Plaintiffs' counsel has also provided Declarations from David W. Ardoin, Preston L. Hayes, Ryan P. Monsour, and Gregg Rosenberg, which detail their legal experience and involvement in this matter. (see Exhibit 2 – 5). Counsel endeavored not to bill for unnecessary work, and to only bill for time spent in the service of the best interest of the client. The hours submitted in this case are clearly reasonable; Plaintiffs' counsel has incurred $125,460.00 in fees after completing written discovery, conditional certification, numerous depositions, other motion practice, mediation, and the present briefing. This equates to approximately 348 hours of work over a nearly 2 year time period, resulting in an average of 14.5 hours a month while representing over 50 Plaintiffs. Counsel will also incur additional hours in distributing the funds awarded to them under the FLSA.

Thus, through their declarations, Plaintiffs' counsel have submitted sufficient evidence to meet their burden to demonstrate that the rates sought are reasonable and that their hours billed were reasonable. Accordingly, counsel's request for legal fees in the amount of $125,460.00 is reasonable and should be granted.

**B. The Hourly Rates for Plaintiffs' Counsel are Reasonable**

This case was prosecuted predominantly by David Ardoin, Preston Hayes and Ryan Monsour with the law firm AMO Trial Lawyers, LLC in New Orleans, Louisiana. Counsel has enclosed evidence of the reasonableness of their rates in attached declarations, along with a declaration from local counsel, Gregg Rosenburg. Furthermore, in the past when assessing a reasonable rate, the Southern District of Texas has reviewed State Bar of Texas statistical reports to validate the Court's determination. In *Fernandes v. Northline Enterprises, Inc.*, 2022 WL 3229510 (S.D. Tx 2022), the Court held as follows:

The court has also reviewed State Bar of Texas statistical reports of median hourly rates for labor and employment attorneys in Houston over several years. See State Bar of Tex. 2019 Income & Hourly Rates (2019 Report); State Bar of Tex. Dep't of Research & Analysis 2015 Hourly Fact Sheet (2015 Fact Sheet). Page 9 of the 2019 Report, titled "Hourly Rates" shows that attorney hourly rates increased by an average of 2.75% per year between 2007 and 2019. Using that average increase, the present value of the rates awarded in the three cases cited above are as follows:

| Year | Rate | Present Value |
|---|---|---|
| 2011 | $275 | $370 |
| 2012 | $350 | $459 |
| 2013 | $375 | $478 |

According to those same reports, in 2015 the median hourly rate in Texas for labor and employment attorneys was $278 per hour. In Houston, the median rate was $285 per hour. In Texas, the median rate for all attorneys was $260 per hour, while attorneys with more than sixteen years of experience billed a median hourly rate of $300 per hour. That is, attorneys with more than sixteen years of experience billed 15% more than the median.

Starting with $285 per hour for all labor and employment attorneys in Houston in 2015 and assuming a 2.75 percent growth rate through 2022 results in a present value hourly rate of $344 for all labor and employment attorneys in Houston in 2022. Adding 15% to that result is a present value hourly rate of $395 for labor and employment lawyers in Houston with more than 16 years of experience…the court concludes that an hourly rate of $400 is reasonable.

*Id.* at *3.[1]

This same analysis is appropriate in this instant. Moreover, the approved rate of $400 per hour in the above referenced case was done so two years ago, which would not address the continued growth and present value of the hourly rate in 2024. Accordingly, Plaintiffs respectfully submit that $400 per hour is a reasonable hourly rate for the counsel involved in this litigation.

C. **The Hours Expended by Plaintiff's Counsel in This Litigation are Reasonable**

In the instant case, Plaintiffs' counsel has submitted billing records showing that at total of 321 hours have been spent on this litigation (including the preparation of the instant Motion). As

---

[1] In further evidence of support for this requested hourly rate, the Eastern District of Texas recently cited to the *Fernandes v. Northline Enterprises, Inc.* case and its analysis in determining that an hourly rate of $390 is reasonable. *Carroll v. C-Con Services, Inc.*, 2024 WL 3404787 (E.D. Tx 2024).

reflected in the attached time records, Plaintiffs' counsel were required to spend substantial time obtaining the relief ultimately provided by this Court. Furthermore, Plaintiffs' counsel have exercised billing judgment by making an approximate 10% reduction to the time spent by Plaintiffs' counsel. Thus, Plaintiffs have already reduced their legal fees by more than $12,848.00 to ensure that their request for attorneys' fees is reasonable.

### D. The Court Should Award Plaintiffs' $125,460 in Legal Fees.

As noted above, Plaintiffs achieved substantial relief in this matter in the form of an Offer of Judgment in the amount of $150,000.00 following years of litigation. This amount, according to this Court, represents the full value of each Plaintiff's claim, including penalties under the FLSA. Accordingly, Plaintiffs seek a total of $125,460.00 in legal fees incurred in this litigation based on the lodestar analysis, which is less than the $150,000.00 settlement amount. Consistent with the FLSA's remedial scheme, however, it is very common for attorney fee awards to actually exceed the amount of the plaintiffs' recovered unpaid wages. *See, e.g., Howe Hoffinan-Plaintiffs Partners Ltd., LLP*, 215 Fed. Appx. 341 (5th Cir. 2007)(finding that "[g]iven the nature of the claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples" and granting attorneys' fees of $129,805.50 with damages of $23,357.30); *Almendarez v. J.T.T. Enters. Corp.*, No. JKS-06-68, 2010 U.S. Dist. LEXIS 88043, at *3 (D. Md. Aug. 25, 2010) (concluding that $84,058.00 attorneys' fee award was reasonable, even though jury verdict in favor of three of eight plaintiffs awarded plaintiffs only $3,200, $1,200, and $2,200 each); *Butler v. Directsat USA, LLC*, No. DKC-10-2747, 2016 U.S. Dist. LEXIS 35632, 2016 WL 1077158, at *7 (D. Md. Mar. 18, 2016) (approving attorneys' fees award of $258,390.67 in FLSA collective action where plaintiffs had received between $54.36 and $4,197.78, for a total of approximately $36,000.00).

As set forth in their declarations, Plaintiffs' counsel maintained contemporaneous billing records and they have exercised billing judgment by reducing their legal fees by over 12,848. Given the evidentiary showing made by Plaintiffs in the form of their counsel's declarations and detailed billing records, it is now Defendant's burden to identify the time entries to which they object "[f]or, if it is impossible for counsel who are most familiar with the litigation to suggest what is improperly charged time and why that is, in fact, the case, the Court is in no better position to second-guess what counsel are seeking in fees." *Liger v. New Orleans Hornets NBA Ltd. P'ship*, No. 05-01969, 2010 U.S. Dist. LEXIS 107410, at *30 (E.D. La. Aug. 3, 2010), *adopted by Liger v. New Orleans Hornets NBA Ltd. P'ship*, 2010 U.S. Dist. LEXIS 107412 (E.D. La., Oct. 6, 2010).

Finally, in rare instances the Court may adjust the lodestar based upon the respective weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The *Johnson* factors are:

> (1) Time and labore required, (2) novelty and difficulty of the issues, (3) skill required to perform the legal services properly, (4) preclusion of other employment, (5) customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by client or circumstances, (8) amount involved and results obtained, (9) experience, reputation and ability of the attorneys, (10) undesirability of the case, (11) nature and length of the professional relationship with the client, and (12) award in similar cases.

*Id.* In the instant case, the vast majority of the *Johnson* factors are subsumed by the lodestar analysis and therefore there is no reason for an upward or downward adjustment to the lodestar amount.

**E. The Court Should Award the $30,141.67 in Costs Incurred by Plaintiffs in Connection with this Litigation.**

Courts in the Fifth Circuit have recognized that "[r]eimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier

service, mediation, exhibits, document scanning, and visual equipment are types of litigation expenses that are recoverable under the FLSA as part of an attorneys' fee award." *Quintanilla v. A&R Demolition, Inc.*, H-04-1965, 2008 U.S. Dist. LEXIS 37449, at *25 (S.D. Tex. May 7, 2008); *see also* 29 U.S.C. § 1920. In the instant case, all the costs incurred by Plaintiffs' counsel in connection with the prosecution of this litigation were reasonable and necessary. More specifically, Plaintiffs seek to recover the costs incurred in connection with the following: (i) traveling expenses for the depositions of Plaintiffs and Defendants that occurred on four separate dates throughout this litigation; (ii) printing and transcript costs; (iii) filing fees; (iv) mediation costs; and (v) expert expenses. Plaintiffs itemizes these costs in Exhibit 6. As recognized by the *Quintanilla* court, these costs are precisely those that should be awarded to prevailing FLSA plaintiffs. Plaintiffs respectfully submit that the Court should follow the sound reasoning of Quintanilla and reach the same result here.

### F. Plaintiffs Do Not Seek an Upward or Downward Adjustment of the Lodestar

Plaintiffs do not seek either an upward or a downward adjustment of the lodestar and thus does not address the *Johnson* Factors in this brief. Should Defendant argue in response that a downward adjustment is appropriate, Plaintiffs will address such arguments in their reply.

### III. Conclusion

As a prevailing plaintiff under the FLSA, Plaintiffs are entitled to an award of their costs of litigation and reasonable attorney's fees incurred in obtaining that result. Based on the foregoing, Plaintiffs request that the Court issue a final judgment in their favor including $125,460.00 in attorney's fees and $30,141.67 in costs.

      Respectfully Submitted,

*/s/ Gregg M. Rosenberg*
Gregg M. Rosenberg
S.D. Tex. ID No. 7325
Texas Bar No. 17268750
3518 Travis Street, Suite 200
Houston, Texas 77002
Telephone: (512) 703-5047
Facsimile: (512) 708-8777
Email: gregg@rosenberglaw.com

*/s/ Ryan Monsour*
Ryan Monsour
Preston Hayes
AMO Trial Lawyers
3850 N. Causeway Blvd., Suite 590
Metairie, LA 70002
Email: rpm@amotriallawyers.com
Email: plh@amtotriallawyers.com
**ATTORNEYS FOR PLAINTIFFS**
**JENNIFER DUPRE AND MELINDA WILSON**

### CERTIFICATE OF SERVICE

    I hereby certify that on December 20, 2024, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

      */s/ Gregg M. Rosenberg*
      Gregg M. Rosenberg