UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **JENNIFER DUPRE and MELINDA WILSON, on Behalf of themselves and on Behalf of All Others Similarly Situated,**<br><br>    Plaintiffs,<br><br>V.<br><br>**SLATE HEALTHCARE LLC**<br><br>    Defendant | **CIVIL ACTION NO. 4:22-cv-00264** |

**DECLARATION OF RYAN P. MONSOUR IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**

I, Ryan P. Monsour, states as follows:

1. I am an equity partner and a founding member of AMO Trial Lawyers. I have also served on AMO's management committee since its inception. As one of the attorneys representing Plaintiffs, Jennifer Dupre and Melinda Wilson, on behalf of themselves and those who have opted into this litigation, and have personal knowledge as to the legal services provided herein.

2. I have reviewed the recap of all time entries on this matter, attached as Exhibit 1 hereto, for Attorneys' Fees and Costs and state that all of the entries reflect work that was reasonably necessary to the representation in this case.

3. I have approximately 15 years of litigation experience and the hourly rate ($450.00/hr.) charged for the time billed in the course of this representation is reasonable in this jurisdiction. Throughout my career as an attorney, I have handled numerous labor and employment cases,

including FLSA overtime wage collective actions. These include, but are not limited to the following:

- *Esparza, et al. v. Kostmayer Construction, LLC et al.*, 2:15-cv-04644 (E.D. La 2015)
- *Funez, et al. v. EMSP, LLC, et al.*, 2:16-cv-01922 (E.D. La. 2016)
- *Chaves v. Winn Dixie Stores, Inc.*, 2:16-cv-01933 (E.D. La. 2016)
- *Crosby, et al. v. Cox Communications, Inc., et al.*, 2:16-cv-06700 (E.D. La. 2016)
- *Gremillion v. Grayco Communications, LP*, 2:16-cv-09849 (E.D. La. 2016)
- *Hohensee v. Divine Miracles, Inc., et al.*, 2:18-cv-01287 (E.D. La. 2018)
- *Murillo v. Gomez Drywall Contractors, Inc.*, 2:18-cv-03753 (E.D. La. 2018)
- *Diaz v. USA Professional Labor, LLC*, 2:18-cv-06580 (E.D. La. 2018)
- *Taylor v. HD and Associates*, 2:19-cv-10635 (E.D. La. 2019)
- *Simmons, et al. v. K&E Resources, et al.*, 2:19-cv-14040 (E.D. La. 2019)
- *Reyes v. South Building Services LLC, et al.*, 2:20-cv-01360 (E.D. La. 2020)

4. I certify that the costs set forth in the recap, attached as Exhibit 1 hereto, are correct and were necessarily incurred in the action and that the services for which costs have been claimed were actually and necessarily performed in the representation of Plaintiffs in this case.

5. According to AMO's billing records, the total amount of attorney hours billed to this case, as of this date, is ADD.

6. AMO customarily handles complex litigation matters on a contingency fee basis, with a percentage fee ranging from 33% to 40%, depending on the complexity of the case. Here, AMO represented Plaintiffs on a contingency basis.

7. Because of the complexity and demand of the above-captioned matter, AMO has exhausted many of its resources in an effort to efficiently and competently represent its clients, as well as the additional class members involved, all while risking the possibility of recovering nothing.

8. For example, after receiving thousands of pages of records for over fifty individual plaintiffs, AMO was then tasked with reviewing and analyzing each document. In addition to significant document review, numerous depositions were taken. This dedication of time and

resources allowed Plaintiffs' counsel to reach an ultimately favorable outcome that resulted in Defendant admitted fault and paying $150,000.00.

_____
RYAN P. MONSOUR