United States District Court
Southern District of Texas
**ENTERED**
February 11, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER DUPRE, *et al.*, | § | |
| | § | |
| Plaintiffs. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:22-cv-00264 |
| | § | |
| SLATE HEALTHCARE LLC, | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

The only remaining issue for the court to decide in this Fair Labor Standards Act ("FLSA") case is how much to award in attorneys' fees and costs. Plaintiffs seek $125,460 in attorneys' fees and $30,141.67 in costs. *See* Dkt. 89 at 1. Defendant Slate Healthcare, LLC ("Slate") argues that Plaintiffs should receive, at most, $91,807.83 for attorneys' fees and costs combined. *See* Dkt. 91 at 1. After a painstaking review of the time entries, briefing, and applicable case law, I recommend that Plaintiffs receive $78,960.00 in attorneys' fees and $16,504.11 for costs incurred in connection with this litigation.

## BACKGROUND

A few years after this lawsuit was filed, Slate made a $150,000 offer of judgment to Plaintiffs under Federal Rule of Civil Procedure 68. Plaintiffs rejected that March 11, 2024 offer. A few weeks later, Slate tendered $150,000 to Plaintiffs, along with a pledge to allow this court to determine the attorneys' fees and costs that should be awarded to Plaintiffs for prevailing in this litigation. Slate then moved to dismiss this case for lack of subject matter jurisdiction, arguing that it made an unconditional tender to Plaintiffs that provided them full relief, thus mooting their FLSA claims. *See* Dkt. 70. The district court agreed with Slate and gave Plaintiffs the opportunity to "seek a judicial determination as to the reasonable attorneys' fees and expenses incurred in connection with this

litigation." Dkt. 86 at 2. In accordance with that directive, Plaintiffs have filed a Motion for Award of Attorney's Fees and Costs. *See* Dkt. 89. Slate has submitted a response brief, *see* Dkt. 91, and Plaintiffs have replied. *See* Dkt. 92.

## LEGAL STANDARD

A successful plaintiff in an FLSA suit is entitled to an award of attorneys' fees and costs. *See* 29 U.S.C. § 216(b). "[T]o calculate an appropriate attorney's fee award under the FLSA," the Fifth Circuit has instructed district courts to "use the lodestar method." *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006). "The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). "The court should exclude all time that is excessive, duplicative, or inadequately documented." *Jimenez v. Wood County*, 621 F.3d 372, 379–80 (5th Cir. 2010). "There is a strong presumption of the reasonableness of the lodestar amount." *Black*, 732 F.3d at 502.

"[A]fter calculating the lodestar, a district court may enhance or decrease the amount of attorney's fees based on the relative weights of the twelve factors set" out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Black*, 732 F.3d at 502 (quotation omitted). The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney(s) due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client(s) or the circumstances; (8) the amount of damages involved and the results (both monetary and equitable) obtained; (9) the experience, reputation, and ability of the attorney(s); (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717–19.

"Determining a reasonable attorney's fee is a matter that is committed to the sound discretion of a trial judge, . . . but the judge's discretion is not unlimited." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558 (2010) (quotation omitted). The party seeking attorneys' fees bears the burden of demonstrating the reasonableness of the fees sought, including any adjustment, whether it be a reduction or enhancement. *See Black*, 732 F.3d at 502. A court abuses its discretion when it awards attorneys' fees without "a reasonably specific explanation for all aspects of a fee determination," including any adjustment to the lodestar. *Perdue*, 559 U.S. at 558.

## ANALYSIS

I will consider Plaintiffs' request for attorneys' fees and costs separately.

### A.    ATTORNEYS' FEES

My first task in evaluating Plaintiffs' request for attorneys' fees is to calculate the lodestar. To do that, I must evaluate Plaintiffs' proposed hourly rates and then assess the reasonableness of the hours billed by Plaintiffs' counsel. Once the lodestar is established, I will consider the *Johnson* factors to determine whether an upward or downward departure from this amount is warranted.

#### 1.    *Reasonable Hourly Rate*

The hourly rates to be used in the lodestar calculation are determined by "the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). Plaintiffs seek the same hourly rate for the four attorneys who worked on this matter: $400. Plaintiffs' lawyers are unquestionably experienced. Each lawyer boasts more than 15 years' experience, having handled a wide range of labor and employment matters, including FLSA cases. Nonetheless, the evidence offered in support of Plaintiffs' proposed hourly rates is seriously lacking. For starters, five of the declarations provided by Plaintiffs' counsel are not even signed under penalty of perjury. *See* Dkts. 89-2 to 89-4; 90-1 to 90-2. This is problematic because an unsworn declaration may only be used in federal court if the affiant subscribes to the statement under penalty of perjury. *See* 28 U.S.C.

§ 1746(2). Moreover, the one declaration that is signed under penalty of perjury does not make any mention of a reasonable hourly rate that I should utilize in awarding fees. *See* Dkt. 89-5. Still, Slate does not contest that the proposed $400 hourly rate is reasonable in the Houston Division of the Southern District of Texas. Considering Slate's lack of objection to the $400 hourly rate and my familiarity with the market for attorneys' fees in the Houston area, I conclude that $400 is a reasonable hourly rate for Plaintiffs' four lawyers who worked on this matter.

### 2. *Reasonable Hours Expended*

The next step in the lodestar analysis is to determine the number of hours reasonably spent on the case. "The party seeking attorneys' fees must present adequately documented time records to the court. Using this time as a benchmark, the court should exclude all time that is excessive, duplicative, or inadequately documented. . . . The hours surviving this vetting process are those reasonably expended on the litigation." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

Plaintiffs seek reimbursement for 348.5 hours expended by counsel.[1] Slate argues that, for purposes of calculating the lodestar, I should reduce the hours requested by Plaintiffs for two reasons: (1) travel time should be reduced; and (2) some of the time entries are duplicative. I will address each argument in turn.

### a. Travel time

Plaintiffs' requested attorneys' fees include 96 hours for travel time (16 trips at six hours per trip) between New Orleans and Houston for depositions and mediation. The time entries offered in support of these fees are virtually identical: "TRAVEL TO HOUSTON FOR DEPOSITION," "TRAVEL TO NEW ORLEANS FROM DEPOSITION," "TRAVEL TO HOUSTON FOR MEDIATION," and

---

[1] Multiplying 348.5 hours times a $400 hourly rate equals $139,400. But this is not the amount Plaintiffs seek. Plaintiffs request I award $125,460 in attorneys' fees. This figure is apparently derived by reducing $139,400 by 10 percent ($13,940). According to Plaintiffs, their lawyers "have exercised billing judgment by making an approximate 10% reduction to the time spent by Plaintiffs' counsel." Dkt. 89 at 6.

"TRAVEL TO NEW ORLEANS FROM MEDIATION." Dkt. 89-1 at 2–3, 6–7. No other information is provided.

> As one district court noted:
>
> The Fifth Circuit has not addressed whether travel time may properly be awarded as part of attorneys' fees under [t]he FLSA. But courts in the Fifth Circuit have held in other contexts that a court has discretion to reduce hours billed to travel time in calculating a fee award. *See In re Babcock & Wilcox Co.*, 526 F.3d 824, 828 (5th Cir. 2008) (evaluating Fifth Circuit precedent from various types of cases and concluding as a general rule that "it is not an abuse of discretion to discount non-working (and even working) travel time"); *Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir. 1993) (in a Voting Rights Act case, affirming the district court's decision to discount the hourly rate billed for travel time)[.]

*Hilton v. Exec. Self Storage Assocs., Inc.*, No. H-06-2744, 2009 WL 1750121, at *12 (S.D. Tex. June 18, 2009). I recently explained my own views on when a district court should award travel time to a prevailing plaintiff in an FLSA case:

> [T]ravel time should be awarded only if legal work was performed during the travel. Although I recognize that some courts in the Fifth Circuit compensate attorney travel time at 50 percent of the attorney's billing rate, I am unwilling to do so. I do not believe that a lawyer who uses travel time to work on an unrelated matter, make personal phone calls, or watch a movie should expect to be awarded attorneys' fees simply because she is en route to a court proceeding. *See Gruber ex rel. Gruber v. Sec'y of Health & Hum. Servs.*, 91 Fed. Cl. 773, 791 (Fed. Cl. 2010) (stating attorneys "should not automatically assume that it is reasonable to assess any and all travel time to a client-based destination as billable to that client").

*Estate of Gentry v. Hamilton-Ryker IT Sols., LLC*, No. 3:19-cv-00320, 2025 WL 359793, at *3 (S.D. Tex. Jan. 31, 2025).

The billing records introduced by Plaintiffs do not reflect that any work was done while the lawyers were traveling. This is fatal to Plaintiffs' fee request for travel time because a "fee applicant bears the burden of establishing entitlement to an award." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Without any evidence that Plaintiffs' counsel performed legal work on this matter while in

transit, I am unwilling to award Plaintiffs fees for travel time. As such, I exclude 96 hours of travel time from Plaintiffs' lodestar.[2]

### b.    Duplicative entries

Slate also complains that several of Plaintiffs' time entries should be disallowed because they are duplicative. Specifically, Slate points to the following time entries, which it notes are performed by the same timekeepers, on the same date, for the same amount of time, and for the same work:

| | | | |
|---|---|---|---|
| 6/5/23 | 3.5 | GMR | DEPOSITION OF PLAINTIFF |
| 6/5/23 | 3.5 | GMR | DEPOSITION OF PLAINTIFF |
| 6/5/23 | 3.0 | PLH | REVIEW OF DOCUMENTS/CASE LAW IN PREP OF DEFENDANT DEPOSITION |
| 6/5/23 | 3.0 | PLH | REVIEW OF DOCUMENTS/CASE LAW IN PREP OF DEFENDANT DEPOSITION |

***

| | | | |
|---|---|---|---|
| 5/22/24 | 2.5 | DWA | INTEROFFICE MEETING FOR DEPOSITION PREP/REVIEW OF DOCUMENTS |
| 5/22/24 | 2.5 | DWA | INTEROFFICE MEETING FOR DEPOSITION PREP/REVIEW OF DOCUMENTS |

Dkt. 89-1 at 3, 7.

On its face, these entries certainly seem duplicative. Plaintiffs, however, have explanations. First, Plaintiffs clarify that the June 5, 2023 entries concerning "DEPOSITION OF PLAINTIFF" are not duplicative because both Plaintiffs were deposed, with each deposition lasting 3.5 hours. Next, Plaintiffs insist that the other time entries contain typographical errors that make it appear as if the same timekeeper performed the same work more than once when, in reality, that is not the case. For example, although two identical time entries indicate that PLH (Preston L. Hayes) spent 3.0 hours on June 5, 2023 in the "REVIEW OF

---

[2] I recognize that Slate merely requests that Plaintiffs' travel time be slashed in half because some district courts in the Fifth Circuit compensate travel time at 50 percent of actual time. But, as explained in this section, I do not follow that approach.

DOCUMENTS/CASE LAW IN PREP OF DEFENDANT DEPOSITION," Plaintiffs claim that the entries "contain[] a typographical error in that [they] should list one entry for Mr. [Hayes] ('PLH') and one for Mr. Rosenberg, rather than listing Mr. [Hayes] twice, as they each spent 3 hours preparing for the deposition of [Slate's] corporate representative." Dkt. 92. at 2. Plaintiffs assert that the other apparently duplicative time entry also contains a misprint, and that different timekeepers actually performed the work. I will give Plaintiffs the benefit of the doubt on this issue, and not impose any reduction in the hours sought for this work.

***

Based on these findings, I calculate the lodestar as follows:

| Hours Claimed | Hours Reduced | Hours Approved | Rate Approved | Total Fee (Hours Approved x Rate Approved) |
|---|---|---|---|---|
| 348.5 | 96 | 252.5 | $400 | $101,000 |

Lodestar:    $101,000

### 3.    *The* Johnson *Factors*

Once the lodestar is determined, a district court may adjust the lodestar upward or downward depending on the *Johnson* factors. *See Watkins*, 7 F.3d at 457. "The lodestar, however, is presumptively reasonable and should be modified only in exceptional cases." *Id.* The party seeking an adjustment to the lodestar bears the burden of establishing that an adjustment is warranted. *See La. Power & Light Co. v. Kellstrom*, 50 F. 3d 319, 329 (5th Cir. 1995).

#### a.    Degree of success obtained

The United States Supreme Court has repeatedly stated that "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (quoting *Hensley*, 461 U.S. at 436). Even so, "an attorney's failure to obtain every dollar sought on behalf of his client does not automatically mean that the modified lodestar amount

should be reduced." *Singer v. City of Waco*, 324 F.3d 813, 830 (5th Cir. 2003) (quotation omitted).

Slate asserts that the lodestar in this case should be adjusted downward because Plaintiffs obtained a minimal level of success. In making this argument, Slate notes that Plaintiffs, armed with an expert report from an accountant, sought $599,599 for a two-year damages period and $826,259 for a three-year period. This court ultimately concluded that Plaintiffs were entitled to seek only two-years of damages, and further held that the $150,000 Slate tendered to Plaintiffs exceeded the amount Plaintiffs could recover in the event they prevailed at trial.

I conclude that the *Johnson* factors do not warrant a fee reduction for the degree of success obtained. Although Plaintiffs did not recover as much as their counsel sought, the fact remains that Plaintiffs prevailed on their FLSA claim, vindicating their rights under the statute. And, thanks to the efforts of Plaintiffs' counsel, Plaintiffs actually recovered more than I thought they were entitled to under prevailing legal principles. *See* Dkt. 84 at 11 n.4 (explaining why the $150,000 tendered by Slate far exceeds the amounts Plaintiffs could recover in the event they prevailed at trial). Ultimately, all the *Johnson* factors are subsumed within the Court's calculation of the lodestar. *See Saizan*, 448 F.3d at 800 ("The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar amount already took that factor into account; to do so would be impermissible double counting."). Accordingly, the lodestar should not be disturbed simply because Plaintiffs did not recover as much as they sought.

### b.    Plaintiffs' rejection of Slate's Rule 68 offer

Plaintiffs' counsel billed 62.7 hours on this matter *after* Slate's March 11, 2024 Rule 68 offer. Slate argues that Plaintiffs' rejection of the Rule 68 offer of judgment "cuts off, or significantly reduces, [Slate]'s liability for any fees incurred by Plaintiffs after March 11, 2024." Dkt. 91 at 8.

Rule 68 provides that Plaintiffs "must pay the costs incurred" after an offer of judgment is made if "the judgment that [Plaintiffs] finally obtain[] is not more

favorable than the unaccepted offer." FED. R. CIV. P. 68(d). Important here, the FLSA fee-shifting provision defines "attorneys' fees" separately from "costs." *See* 29 U.S.C. § 216(b) (allowing "a reasonable attorney's fee to be paid by the defendant, and costs of the action"). Slate insists that "[a] plaintiff who declines a Rule 68 offer and fails to obtain a more favorable judgment may not recover attorneys' fees for postoffer legal work." Dkt. 91 at 8 (quotation omitted). This is not an accurate statement of Fifth Circuit law when it comes to the FLSA.

The Fifth Circuit has held that "Rule 68 does not [automatically] *preclude* a fee award in FLSA cases, despite the prevailing plaintiff's previous rejection of a better offer." *Gurule v. Land Guardian, Inc.*, 912 F.3d 252, 260 (5th Cir. 2018). Instead, the rejected offer should "be considered in assessing the reasonableness of an attorney's fee award." *Id.*; *see also id.* at 261 ("[I]n setting a reasonable attorney's fee under a fee-shifting statute such as 29 U.S.C. § 216(b), a court should consider the prevailing party's rejection of a Rule 68 offer that was more favorable than the judgment obtained."). Put another way, a district court is entitled to exercise its discretion in deciding whether an attorneys' fee award is appropriate when a Rule 68 offer has been rejected.

Applying those principles here, I conclude that most of the time spent by Plaintiffs' counsel after the Rule 68 offer should be disallowed. As I explained previously in this case, the $150,000 offer (and then tender) "far exceeds the amount Plaintiffs could recover [at trial] for actual damages and liquidated damages combined." Dkt. 84 at 11 n.4. The inflated damage calculations offered by Plaintiffs' expert witness had no legal basis whatsoever. As a result, Plaintiffs' failure to immediately accept the Rule 68 offer was unreasonable. Any work performed after the date Slate made the Rule 68 offer—other than work on the fee application—was unnecessary. *See Haworth v. Nevada*, 56 F.3d 1048, 1052 (9th Cir. 1995) ("[C]lients who refuse a Rule 68 offer should know that their refusal to settle the case may have a substantial adverse impact on the amount of attorney fees they may recover for services rendered after a settlement offer is rejected. Just

because a plaintiff has an FLSA violation in her pocket does not give her a license to go to trial, run up the attorney fees and then recover them from the defendant.").

As already noted, Plaintiffs' counsel billed 62.7 hours on this matter *after* Slate's March 11, 2024 Rule 68 offer. Of that time, 55.1 hours should be disallowed. The only post-March 11, 2024 time I will allow is the 7.6 hours Plaintiffs' counsel spent litigating the fee application. *See Cruz v. Hauck*, 762 F.2d 1230, 1233 (5th Cir. 1985) ("It is settled that a prevailing plaintiff is entitled to attorney's fees for the effort entailed in litigating a fee claim and securing compensation."); *Johnson v. Mississippi*, 606 F.2d 635, 638 (5th Cir. 1979) ("We conclude that attorney's fees may be awarded for time spent litigating the fee claim.").

* * *

After considering the *Johnson* factors, I have determined that a downward adjustment of 55.1 hours from the lodestar is appropriate. Deducting 55.1 hours from the 252.5-hour lodestar equals 197.4 hours of work. To determine the proper fee award, I must then multiply the 197.4 hours by the $400 hourly rate. The resulting number—$78,960.00—represents the attorneys' fees that Plaintiffs are entitled to recover.

## B.    COSTS

The FLSA provides that a prevailing plaintiff is entitled to recover the "costs of the action." 29 U.S.C. § 216(b). Plaintiffs seek a total of $30,141.67 for costs incurred in connection with this litigation.

Slate challenges $13,637.56 of that amount, arguing that I should disallow those expenses incurred after March 11, 2024—the date Slate made the $150,000 settlement offer that Plaintiffs ultimately rejected. Those challenged expenses include $11,500 for Plaintiffs' accounting expert and $2,137.56 in travel expenses related to a May 23, 2024 deposition.

The law is well-settled. "If an offeree rejects a timely pretrial settlement offer and the judgment finally obtained is 'not more favorable than the offer,' Rule 68 requires the offeree to 'pay the costs incurred after the making of the offer.'"

*Gurule*, 912 F.3d at 260 (quoting FED. R. CIV. P. 68(d)). "The plain purpose of Rule 68 is to encourage settlement and avoid litigation." *Marek v. Chesny*, 473 U.S. 1, 5 (1985). Here, it is undisputed that $13,637.56 of the costs sought by Plaintiffs were incurred after the March 11, 2024 settlement offer was made. Those costs are disallowed. Plaintiffs are entitled to the remaining $16,504.11 in costs.

## CONCLUSION

For the reasons discussed above, I recommend that Plaintiffs' Motion for Award of Attorney's Fees and Costs Pursuant to the Fair Labor Standards Act (Dkt. 89) be **GRANTED IN PART**. Slate should pay Plaintiffs' a total of $95,464.11. This amount represents $78,960.00 in attorneys' fees and $16,504.11 in costs.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 11th day of February 2025.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE